UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADRIENNE HAYGOOD,

                    Plaintiff,

           -v-

MASTERCARD INTERNATIONAL
INCORPORATED,

                    Defendant.

---

Case No. 1:25-cv-03548-AT-SDA

**PROTECTIVE ORDER**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

WHEREAS, the Parties acknowledge that documents not marked Confidential (as defined herein) may be produced without designation under this Order.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only upon good-faith determination by the producing party, such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

   (i) previously nondisclosed, nonpublic financial information including without limitation (e.g. financial reports, and wage information);

   (ii) previously nondisclosed nonpublic competitive, commercially sensitive, proprietary, business, trade secret, customer, business analyses, strategic, and intellectual property information;

   (iii) any information of a third-party that disclosure of such information may be detrimental to the third-party and/or contrary to the third-party's interests;

   (iv) personally identifying information;

   (v) family, financial, medical, personnel and/or employment records;

   (vi) any particularly sensitive and/or information of an intimate nature regarding any individual; and

   (vii) any other category of information hereinafter given confidential status by the Court.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility. Designations shall be made in good faith.

4.  With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record or parties appearing pro se, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel and parties appearing pro se receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential. During this interim period, the transcript shall be treated as Confidential for the purpose of preventing disclosure to anyone not allowed to have such information under the terms of the Protective Order, and may be used by the receiving party for purposes of this litigation subject to the terms and conditions of this Protective Order

5.  If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he or it previously had produced without limitation should be designated as Confidential, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, not later than 21 days after becoming aware of the production of Discovery Material including by electronic mail, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential under the terms of this Protective Order.

6.  No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

    a.  the Parties to this action, their insurers, counsel to their insurers; and, for a corporate party, only those current and former employees who are reasonably necessary to assist in the prosecution or defense of this action, provided such employees execute the Non-Disclosure Agreement annexed hereto;

    b.  counsel retained specifically for this action, including any in-house counsel, paralegal, clerical and other persons employed by such counsel and assigned to this matter for purposes of this action only;

    c.  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services, discovery vendors, or other litigation support services) that counsel hire and assign to this matter, including

computer service personnel performing duties in relation to a computerized litigation system;

d.  any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and disclosure is limited to materials reasonably related to the witness's anticipated testimony;

f.  any person retained by a Party to serve as an expert witness, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.  professional stenographers engaged to transcribe depositions conducted in this action; and

h.  this Court, including any appellate court, and the court reporters and support personnel for the same.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d), 6(e) or 6(f) above, such person shall be provided with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. The propounding party shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to the other parties either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

8. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon the designating Party a written notice stating with particularity the grounds of the objection. The designating Party shall respond in writing within (14) days of receiving such notice and shall articulate the grounds for the designation. If the Parties cannot reach agreement promptly, after good-faith meet-and-confer efforts, the Parties may address their dispute to this Court in accordance with Magistrate Judge Aaron's Individual Practices.

9. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Magistrate Judge Aaron's Individual Practices.

4

10. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within 15 business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

11. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for purposes of the prosecution and defense of this action, including motion practice, discovery proceedings, meet-and-confer communications, expert analysis, mediation, settlement discussions, trial preparation and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, competitive, or personal purpose. Nothing contained in this Protective Order shall affect or restrict the rights of any person or entity with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person or entity to use or disclose information or material obtained independently from and not through or pursuant to this litigation or the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order will prevent any Party subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory legal process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such Party receiving a request will provide written notice to the producing Party before disclosure and as soon as reasonably possible, and, if legally permissible, at least 10 days before any disclosure. Upon receiving such notice, the producing Party will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All Parties seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed.  If the Parties have consented to the jurisdiction of Magistrate Judge Aaron for all purposes, then Section III (E) of his individual practices shall apply to dispositive motions. Nothing is this Protective Order creates a presumption that any document designated as Confidential is entitled to be filed under seal. Any application to seal shall comply with applicable law, including the presumption of public access to judicial documents. The parties shall use their best efforts to minimize sealing

14. All Parties are hereby placed on notice that the Court is not required to seal or otherwise afford confidential treatment to any Discovery Material submitted in connection with any motion, hearing, or trial. The determination of whether to seal documents rests solely with the Court.

15. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16. Each person or entity who has access to Discovery Material that has been designated as Confidential shall take reasonable and appropriate precautions, consistent with the requirements of this Protective Order, to prevent the unauthorized or inadvertent disclosure of such material.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Parties who receive such information and are bound by this Protective Order using administrative, technical, and physical safeguards appropriate to the sensitivity of the information, in a manner that is secure and confidential. Any claims arising from unauthorized disclosure of PII shall be governed by existing laws.

18. This Protective Order shall survive the termination of the litigation, subject to the provisions governing return, destruction, or continued retention of such material.

19. All persons subject to this Protective Order acknowledge that willful violations of this Protective Order may subject them to sanctions, including contempt of court. The Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce its terms, impose sanctions, or to adjudicate any alleged violations thereof.

**SO STIPULATED AND AGREED**:

**MWH LAW GROUP LLP**

| | |
|---|---|
| _/s/ Emery Harlan_ | _/s/_ |
| Emery K. Harlan | Adrienne Haygood |
| MWH Law Group LLP | Atlanta, GA 30315 |
| 295 Madison Avenue, 12th Floor | Phone: (862) 241-8088 |

6

New York, NY, 10017
T: 929.487.6100 |
emery.harlan@mwhlawgroup.com
Dated: March 4, 2026

Email:adrienne.haygood@gmail.com

Dated:  **March 5, 2026**

**COUNSEL FOR DEFENDANT**
**MASTERCARD INTERNATIONAL**
**INCORPORATED**

**Pro Se Plaintiff**

**SO ORDERED**:

_____

STEWART D. AARON
United States Magistrate Judge

Dated: March 11, 2026

7

**March 5, 2026**