

295 Madison Avenue, 12th Floor
New York, New York 10017
**P:** (929) 487-6100
mwhlawgroup.com

Milwaukee, WI
West Des Moines, IA
Chicago, IL
Madison, WI
Indianapolis, IN
New York, NY

**Email: emery.harlan@mwhlawgroup.com**
**Direct dial: 414.509.7485**

March 30, 2026

Application GRANTED.

SO ORDERED.
Dated: March 30, 2026

**VIA ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
US District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      **RE:**   ***Haygood vs. Mastercard***
              USDC SD NY Case No. 25CV03548

Dear Magistrate Aaron,

Pursuant to paragraph II(B) of Your Honor's Individual Practices, Mastercard moves the Court to restrict access to its March 26, 2026 letter to the Court requesting a discovery conference in that it contains confidential medical information of the Plaintiff Adrienne Haygood. **(Dkt. 48.)** Specifically, reference to details about Ms. Haygood's medical condition for which she underwent surgery as alleged in her Complaint are redacted **(Dkt. 47-4, p. 3; Dkt. 47-6, pp. 3, 5; Dkt. 47-8, p. 4)** and the name of a medical provider is redacted **(Dkt. 47-4 at p. 8)**.[1]

The basis for the filing of this information under seal is that while the public generally has a right to access public records, the right of public access to court records is not absolute. A court is entitled where the party that seeks to seal or restrict access to documents demonstrates "that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co.,* 435 F.3d 110, 120 (2d Cir. 2006) (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)). Personal health information is one such overriding privacy interests and courts regularly find that good cause exists to protect personal health information from disclosure to the public. *See Parker v. Brann*, 2022 U.S. Dist. LEXIS 228207, at *22 (S.D.N.Y. Dec. 17, 2022) (finding that defendants established that sealing plaintiff's medical records was necessary to preserve the privacy of his medical information and narrowly tailored to accomplish that end).

Here, the records Mastercard is seeking to seal consist exclusively of sensitive information relating to Ms. Haygood's medical history and the identity of a medical provider. Mastercard does not seek to shield any other information at this time. Further, Ms. Haygood, who designated the information confidential pursuant to the parties' Protective Order, is in agreement that the

---

[1] Other redactions within the filing are to either personally identifiable information or subject matter not before the Court.

Hon. Stewart D. Aaron,
March 30, 2026
Page 2

identified information contained within Mastercard's letter should be filed with the Court under seal.

For these reasons, Mastercard requests that its correspondence to the Court requesting a discovery conference be filed under seal. **(Dkt. 48.)**

Sincerely,

*s/ Emery Harlan*

Emery Harlan