**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Adrienne C. Haygood,

                                                Plaintiff,

                    -against-

Mastercard International Incorporated,

                                                Defendant.

1:25-cv-03548 (AT) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Pending before the Court is a motion by Defendant Mastercard International Incorporated ("Defendant" or "Mastercard") to compel *pro se* Plaintiff Adrienne C. Haygood ("Plaintiff" or "Haygood") to  (1)  identify all medical and mental health providers who treated her for conditions she places at issue in this action; (2) execute the revised Medical Authorization sent to Haygood on March 4, 2026, permitting the release of medical records relevant to her claims and alleged damages; and (3) execute the "Employment Authorization" sent to her on March 5, 2026. (Def.'s 3/26/26 Ltr. Mot., ECF Nos. 47 & 48,[1] 1-3.) Mastercard also seeks to recover attorney's fees. (*Id.*) For the reasons set forth below, Defendant's Letter Motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

This is an action in which Haygood, a former Mastercard employee, alleges, among other things, that she was terminated for racially discriminatory and retaliatory reasons. (Compl., ECF

---

[1] ECF No. 47 is a publicly filed, redacted version of the Letter Motion and ECF No. 48 is an unredacted version that was filed under seal, with Court approval, since it contained Plaintiff's sensitive information relating to Haygood's medical history and the identity of a medical provider. (*See* 3/30/26 Order, ECF No. 51.)

No. 1, at PDF pp. 9-12.) Haygood seeks to recover in this action damages "for emotional distress, health impacts, reputation harm, and psychological injury, including but not limited to therapy and medical treatment expenses incurred as a result of [Mastercard]'s conduct." (*Id*. at PDF p. 13.) Haygood also seeks front and back pay damages. (*Id*.)

During discovery, in response to requests by Mastercard, Haygood refused to identify her health care providers, declined to execute the Medical Authorization[2] that was requested by Mastercard and declined to provide an executed Consent to Release of Employment Information.[3] (Def.'s 3/26/26 Ltr. Mot. at 1.) Following a meet and confer process, during which the parties were unable to resolve their dispute, Mastercard filed its pending Letter Motion. (*See* Def.'s 3/26/26 Ltr. Mot.)

On April 1, 2026, Haygood filed her opposition letter. (Pl.'s 4/1/26 Opp., ECF No. 57.) In her opposition letter, Haygood notes that she provided to Mastercard an executed Medical Authorization and an executed Employment Authorization that, according to Haygood, had "reasonable limitations on scope." (*See id*. at 1 and Exs. A & B.) Haygood also argues that an award of attorney's fees would be inappropriate. (*See id*. at 2.) On April 3, 2026, Mastercard filed its reply in further support of the relief it requested. (Def.'s 4/3/26 Reply, ECF No. 58).

The Court considers below Mastercard's entitlement to the Medical Authorization (and names of providers), employment consent form and attorneys' fees, in turn.

---

[2] "A health care provider may release a patient's protected health information to an attorney or litigant upon receipt of a [medical] authorization executed by the patient." *Discovery of health care information in civil litigation*, Handbk. Fed. Civ. Disc. & Disclosure § 18:3 (4th ed.).

[3] In its Letter Motion, Mastercard states that Haygood declined to execute an "Employment Authorization." (*See* Def.'s 3/26/26 Ltr. Mot. at 1.) However, the document that Haygood declined to execute was entitled "Consent to Release of Employment Information." (*See* Ex. B to Def.'s 4/3/26 Reply, ECF No. 58-2.)

**LEGAL ANALYSIS**

I.    **Medical Authorization (And Names of Providers)**

    A.    **Legal Standards**

When making garden-variety emotional distress claims, the plaintiff "need not provide medical corroboration for any alleged injury, nor can [she] be said to have put [her] entire physical and mental [health] at issue." *Misas v. N.-Shore Long Island Jewish Health Sys.*, No. 14-CV-08787 (ALC) (DJF), 2016 WL 4082718, at *4 (S.D.N.Y. July 25, 2016). On the other hand, where a plaintiff places her physical and mental health at issue by asserting severe emotional distress claims, she must permit discovery regarding her medical records. *See Marsteller v. Butterfield 8 Stamford LLC*, No. 14-CV-01371 (AWT) (SALM), 2017 WL 5769903, at *3 (D. Conn. Nov. 27, 2017); *see also Doe v. Sarah Lawrence Coll.*, No. 19-CV-10028 (PMH) (JCM), 2021 WL 197132, at *4 (S.D.N.Y. Jan. 20, 2021).

    B.    **Application**

In the present case, as Defendant notes, Plaintiff alleges that she underwent an emergency medical procedure in April 2024; suffered mental health damages, including participation in therapy throughout 2024; and (iii) received medical and mental health care, which she contends is reasonably related to the emotional distress alleged in the Complaint, including treatment for a stress-related medical condition that required surgical intervention. (*See* Def.'s 3/26/26 Ltr. Mot. at 3.) Accordingly, Plaintiff has placed her entire physical and mental health at issue in this action and cannot limit discovery to the surgical procedure she underwent in April 2024, as the limited authorization she executed does. (*See* Pl.'s 4/1/26 Opp., Ex. A.)

Plaintiff has a choice, however, to abandon her severe emotional distress claims and only assert garden-variety emotional distress claims to avoid having her medical records produced. The Second Circuit has held that "a plaintiff may withdraw or formally abandon all claims for emotional distress in order to avoid forfeiting [her] psychotherapist-patient privilege." *Lyon v. Paramount Glob.*, 2023 WL 6664554 (S.D.N.Y. Oct. 12, 2023) (citing *In re Sims*, 534 F.3d 117, 134 (2d Cir. 2008)). In such cases, evidence of emotional harm is limited to the plaintiff's testimony, which "describes [her] injuries in vague or conclusory terms, and fails to relate the severity or consequences of the injury." *Sooroojballie v. Port Auth. of New York & New Jersey*, 816 F. App'x 536, 546 (2d Cir. 2020).

Plaintiff's decision "will impact both her recovery and what she can testify to at trial." *Lyon*, 2023 WL 6664554, at *2. If Plaintiff abandons all but her garden-variety emotional distress claims, then Plaintiff will not be able to testify to the severe emotional distress of the kind she alleges occurred, and her damages recovery will be limited to $30,000.00 to $125,000.00. *See Qorrolli v. Metro. Dental Assocs.*, 124 F.4th 115, 126 (2d Cir. 2024) (garden-variety claims generally merit $30,000.00 to $125,000.00 awards).

Accordingly, no later than Wednesday, April 22, 2026, Plaintiff shall either (1) file a letter to the ECF docket confirming that she will only seek garden-variety emotional distress damages in this case, or (2) execute the Medical Authorization provided to her by Defendant and identify all medical and mental health providers who treated her during the 5-year time period agreed upon by the parties (to whom the Medical Authorization will be provided).

II.     **Employment Consent Form**

A.     **Legal Standards**

A plaintiff claiming damages in an employment discrimination case has a duty to mitigate. *See Epstein v. Kalvin-Miller Int'l, Inc.*, 139 F. Supp. 2d 469, 481 (S.D.N.Y. 2001) (citing *Clarke v. Frank,* 960 F.2d 1146, 1152 (2d Cir. 1992)). Employment records are relevant to a "claim for damages and [a plaintiff's] duty to mitigate." *Ebed v. Mount Sinai St. Luke's Hosp.*, No. 19-CV-11068 (VEC), 2020 U.S. Dist. LEXIS 208056, at *2 (S.D.N.Y. Nov. 6, 2020) (citations omitted).

B.     **Application**

Here, because Plaintiff seeks both back and front pay damages, Plaintiff has a duty to mitigate, and it is proper for Defendant to seek documentation of such mitigation efforts. Defendant's consent form seeks disclosure from Plaintiff's prospective employers of application-related documents, offer letters and rejection letters. (*See* Ex. B to Def.'s 4/3/26 Reply.) Due to Plaintiff's concern that a request for such documentation from prospective employers might target those employers at which her applications still are under consideration, thereby causing those employers to "black-ball" her, Defendant has agreed to limit its records requests to those "employers that had [already] rejected [Plaintiff's] application."[4] (Def.'s 3/26/26 Ltr. Mot. at 2.) Accordingly, Plaintiff is hereby ORDERED to execute the employment consent form, and that Defendant only shall send such form to employers who already have rejected Plaintiff's application.

---

[4] "Courts within the Second Circuit have recognized that drawing a present employer into a dispute involving a plaintiff's prior employer can have negative effects on the plaintiff's employment." *Abdelsayed v. New York Univ.*, No. 17-CV09606 (VSB) (KHP), 2019 WL 2336522, at *2 (S.D.N.Y. June 3, 2019). Here, however, the records being sought by Defendant are from employers that did not hire Plaintiff.

### III.    Attorney's Fees

#### A.  Legal Standards

Defendant requests that the Court order Plaintiff to pay its attorney's fees in bringing this matter to Court, pursuant to Fed. R. Civ. P. 37(a)(5)(A). (Def.'s 3/26/26 Ltr. Mot. at 3.) Plaintiff in this case is proceeding *pro se*, and "while a court may order a *pro se* litigant to pay legal fees, the court must adequately warn the *pro se* litigant before imposing such an order." *Papadimitriou v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, No. 22-CV-02065 (LDH) (LB), 2023 WL 6385769, at *5 (E.D.N.Y. Sept. 29, 2023) (citing *Sassower v. Field*, 973 F.2d 75, 79 (2d Cir. 1992)). In addition, the Court may decline to impose such an order where "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii).

#### B.  Application

This Court has not offered Plaintiff a warning, and therefore may not require Plaintiff to pay Defendant's attorney's fees. In addition, because Plaintiff is *pro se*, the Court finds that ordering Plaintiff to pay Defendant's attorney's fees would be unjust. Defendant's request for attorney's fees is hereby DENIED.

### CONCLUSION

By reason of the foregoing, Defendant's Letter Motion (ECF Nos. 47 & 48) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that, no later than Wednesday, April 22, 2026, Plaintiff shall either (1) file a letter to the ECF docket confirming that she will only seek garden-variety emotional distress damages in this case, or (2) execute the Medical Authorization provided to her by Defendant and identify all medical and mental health providers who treated her during the 5-year time period agreed upon by the parties. Additionally, no later than

Wednesday, April 22, 2026, Plaintiff shall execute the employment consent form provided to her

by Defendant. Defendant's request for attorney's fees is DENIED.

**SO ORDERED.**

Dated:      New York, New York
            April 9, 2026

_____
STEWART D. AARON
United States Magistrate Judge

7